UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BOARDS OF TRUSTEES OF THE OHIO LABORERS BENEFITS,** | * Case No. 2:22-cv-2681 |
| *Plaintiffs,* | * |
| v. | * |
| **TJRS, LLC AND DELANCE SIMS,** | * COMPLAINT |
| *Defendants.* | * |
| | * |

Plaintiffs Boards of Trustees of the Ohio Laborers Benefits, by and through undersigned counsel, state their Complaint as follows:

## PRELIMINARY STATEMENT

Plaintiffs bring this action seeking equitable relief, monetary relief, costs, and attorneys' fees.  Specifically, Plaintiffs seek an audit of each Defendant's financial records from January 2019 through current, which Defendants have refused to date.  Plaintiffs seek, upon completion of the audit, delinquent contributions, liquidated damages, and interest attributable to delinquent contributions pursuant to the terms of governing plan documents, and that Defendants be held jointly and severally liable for the same.  Finally, Plaintiffs seek orders from this Court (1) enjoining Defendants from further breaching the terms of the plan documents and violating ERISA and (2) enforcing the terms of the plan documents and ERISA.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. § 1331, 29 U.S.C. § 185, and 29 U.S.C. § 1132(e).

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in Franklin County, Ohio and under 29 U.S.C. § 1132(e)(2) because the plans are administered in Franklin County, Ohio.

3. Under 29 U.S.C. § 1132(h), a copy of this Complaint has been served upon the Secretary of Labor and the Secretary of the Treasury by certified mail.

## PARTIES

4. Plaintiffs are the fiduciaries of three employee benefit plans—the Ohio Laborers' District Council – Ohio Contractors' Association Insurance Fund, the Laborers' District Council and Contractors' Pension Fund of Ohio, the Ohio Laborers' Training and Apprenticeship Trust Fund—and one labor-management cooperative trust known as Ohio Laborers' District Council – Ohio Contractors' Association Cooperation and Education Trust.  The plans collectively are known as the "Ohio Laborers Benefits," and maintain their principal office and place of business at 800 Hillsdowne Road, Westerville, Ohio 43081. The plans also are obligated pursuant to collective bargaining agreements to collect contributions to the LIUNA Tri-Funds, three national labor-management cooperative trusts.

5. Defendant TJRS, LLC ("TJRS") is an Ohio limited liability company that maintains its principal place of business in Toledo, providing demolition services in northwestern Ohio.

6. Defendant Delance Sims ("DS") is a sole proprietor that maintains his principal place of business in Toledo, providing demolition services in northwestern Ohio.

7. Each Defendant is an "employer" in "commerce" or "affecting commerce" within the meaning of 29 U.S.C. § 1002(5), 29 U.S.C. § 1002(1), and 29 U.S.C. § 1002(12), and within the meaning of 29 U.S.C. § 152(2), 29 U.S.C. § 152(5), and 29 U.S.C. § 152(7).

2

**FACTUAL BACKGROUND**

8. The allegations above are incorporated specifically by reference as if fully re-alleged herein.

9. Defendant TJRS is signatory to various successive collective bargaining agreements with Laborers' International Union of North America, Local 500 including the Building Agreement as applied to Lucas County Land Bank work ("CBAs").

10. Since at least 2019, Defendants TJRS and DS have operated as a single integrated employer by maintaining common ownership and centralized control of labor relations in Toledo, as well as commingling supervisors, demolition laborers, vehicles, and equipment on each Defendant's projects, rendering each subject to the CBAs and liable for the other's debts and obligations.

11. Each Defendant was at all times relevant bound to the Agreements and Declarations of Trust establishing the Ohio Laborers Benefits and the LIUNA Tri-Funds by virtue of executing the CBAs (collectively "CBAs").

12. All of those referenced documents obligated each Defendant to file monthly contribution reports, permit audits of its financial records, and make hourly contributions to the Ohio Laborers Benefits on behalf of all persons as defined in the aforesaid CBAs.

13. The CBAs, the Agreements and Declarations of Trust, and the rules and regulations promulgated by the Boards of Trustees for the Ohio Laborers Benefits authorize Plaintiffs to conduct an audit of financial records, collect delinquent contributions, and assess and collect liquidated damages and interest where an employer like each Defendant fails to timely remit required contributions and deductions.

14. Each Defendant has refused to permit Plaintiffs' auditors access to each Defendant's financial records from January 2019 through current and each has refused to pay known delinquencies.

15. Plaintiffs have demanded payment, and Plaintiffs' auditors have demanded access to each Defendant's financial records in order to perform an audit.

16. To date, neither Defendant has made payment or permitted Plaintiffs' auditors access to Defendant's financial records, and neither has paid known delinquent contributions, damages, and interest.

## FIRST CLAIM FOR RELIEF
### (*Breach of Collective Bargaining Agreements*)

17. The allegations above are incorporated specifically by reference as if fully re-alleged herein.

18. Pursuant to the terms of the CBAs, each Defendant was required to remit contributions to Plaintiffs and to permit access to its financial records.

19. As such, Plaintiffs are intended third-party beneficiaries entitled to enforce the terms of the CBAs.

20. Each Defendant's failure to permit access to financial records and failure to remit timely payment on the delinquent contributions, the liquidated damages, and interest assessed by Plaintiffs constitutes a breach of the CBAs and a violation of 29 U.S.C. § 185.

21. Defendants, as a single integrated employer, are jointly and severally liable for Plaintiffs' damages.

22. As a direct and proximate result of each Defendant's breach of the CBAs, Plaintiffs have suffered damages in an amount to be determined after an audit and at trial.

## SECOND CLAIM FOR RELIEF
## (*ERISA*)

23. The allegations above are incorporated specifically by reference as if fully re-alleged herein.

24. Defendants' failure and refusal to permit access to its financial records and to make said payments under the CBAs constitutes a violation of 29 U.S.C. § 1145.

25. Each Defendant's violations of 29 U.S.C. § 1145 has damaged Plaintiffs.

26. Plaintiffs therefore seek and are entitled to access to each Defendant's financial records; all unpaid contributions discovered as a result of the audit; interest and penalties due and owing on unpaid contributions; and the costs involved in bringing this action, including attorney's fees and expenses pursuant to 29 U.S.C. § 1132(g).

27. Defendants, as a single integrated employer, are jointly and severally liable for Plaintiffs' damages.

## THIRD CLAIM FOR RELIEF
## (*Injunctive Relief*)

28. The allegations above are incorporated specifically by reference as if fully re-alleged herein.

29. In failing to permit access to its financial records and to pay contributions due and owing under the CBAs, Defendants breached the terms of the governing documents of the Ohio Laborers Benefits and violated 29 U.S.C. § 1145.

30. Plaintiffs therefore seek, pursuant to 29 U.S.C. §§ 1132(a)(3)(A) and (B), an Order from this Court (1) ordering each Defendant to provide Plaintiffs access to its financial records, (2) enjoining each Defendant from further breaching the terms of the governing documents of the Ohio Laborers Benefits and violating ERISA, (3) ordering each Defendant to submit

monthly contribution reports to Plaintiffs, and (4) enforcing the governing documents of the Ohio Laborers Benefits and ERISA.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment as follows:

A. That this Court enter an Order requiring each Defendant to provide Plaintiffs with access to its payroll records from January 2019 through current;

B. That this Court enter an Order that each Defendant's failure to remit timely required contributions and deductions constitutes a violation of 29 U.S.C. § 1145;

C. That this Court enter an Order that each Defendant's failure to timely remit required contributions is a breach of the CBAs and constitutes a violation of 29 U.S. C. § 185;

D. That this Court enter an Order requiring each Defendant, jointly and severally, to pay to Plaintiffs the current amount of delinquent contributions, liquidated damages, and interest owed as a result of the untimely remittances discovered by virtue of the audit;

E. That this Court enter an Order pursuant to the CBAs and 29 U.S.C. § 1132(g) requiring each Defendant, jointly and severally, to pay the costs of this action, including reasonable attorneys' fees and expenses; and

F. That this Court award any and all other relief deemed appropriate.

Respectfully submitted,

MANGANO LAW OFFICES CO., LPA

s/Ryan K. Hymore
Ryan K. Hymore (0080750) [Trial Attorney]
4030 Smith Road, Suite 200
Cincinnati, Ohio 45209

T: (513) 255-5888
F: (216) 397-5845
rkhymore@bmanganolaw.com

*Counsel for Plaintiffs*